IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
MARCH 19, 2003 Session

## ESTATE OF JOHN E. ACUFF, SR., ET AL. v. BRENDA OLINGER

**Direct Appeal from the Chancery Court for Marion County**
**No. 6064     Jeffrey F. Stewart, Chancellor**

_____

**No. M2002-01629-COA-R3-CV - Filed September 16, 2003**

_____

This is an appeal from the granting of Appellee's motion for discretionary costs. For the following reasons, we find that the motion was not timely filed and reverse the court below.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Bob E. Lype, Chattanooga, TN, for Appellants

John W. Cleveland, Sweetwater, TN, for Appellee

## OPINION

### Facts and Procedural History

In 1996, Appellants filed a complaint against Brenda O'linger (Ms. O'linger) to set aside two deeds conveying property to her from John E. Acuff, Sr. After a trial on the matter held January 11 - 14, 1999, a verdict was entered for Appellants. Ms. O'linger appealed this decision and the verdict was overturned by this Court in an opinion entered April 11, 2001. Appellants then petitioned the Tennessee Supreme Court for review, but their petition was denied on October 1, 2001. This Court then issued its mandate and returned a certified copy of its judgment and opinion to the trial court. The mandate was issued on October 15, 2001 and filed in the trial court on October 17, 2001. Ms. O'linger next apparently waited for the time period to run on any possible appeal by Appellants to the United States Supreme Court. After that period Ms. O'linger filed a Motion for Discretionary Costs in the Trial Court on February 7, 2002.

A hearing was held on March 26, 2002. The trial court held that the motion had been timely filed and awarded Ms. O'linger $15,188.75 in discretionary costs. Appellants timely filed an appeal with this Court and present the following two issues for our review:

I.  Did the Trial Court abuse its discretion and err in its award of discretionary costs to Defendant because Defendant's motion for discretionary costs was not timely?

II.  Did the Trial Court abuse its discretion and err in its award of discretionary costs to Ms. O'linger because some of the costs awarded are outside the scope of costs permitted by *Tenn. R. Civ. P.* Rule 54.04.

**Law and Analysis**

Our Supreme Court has stated that:

> Adjudging costs is within the reasonable discretion of the trial court, *Lock v. Nat'l Union Fire Ins. Co.,* 809 S.W.2d 483, 490 (Tenn.1991), and the trial judge may apportion the costs between the litigants as, in his opinion, the equities demand. Tenn.Code Ann. § 20-12-119. Accordingly, appellate courts are generally disinclined to interfere with a trial court's decision in assessing costs unless there is a clear abuse of discretion.
> *Perdue v. Green Branch Min. Co., Inc.*, 837 S.W.2d 56, 60 (Tenn. 1992).

Appellants note that the time for filing a motion for discretionary costs is thirty days after entry of judgment per Tennessee Rule of Civil Procedure 54.04(2) which states:

> 2) Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, reasonable and necessary interpreter fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs. Subject to Rule 41.04, *a party requesting discretionary costs shall file and serve a motion within thirty (30) days after entry of judgment.* The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal. The court may tax discretionary costs at the time of voluntary dismissal.

(emphasis added).

Appellants argue that Ms. O'linger's motion was untimely because it was filed more than thirty days after the judgment was entered. Appellants contend that the latest possible date for consideration as to when the "thirty(30) days after entry of judgment" began to run is the date that our mandate was filed in the trial court below. Ms. O'linger contends that our judgment became "effective" "[u]pon denial of the Appellants' application for permission to appeal and their forebearance from filing a petition for certiorari to the U.S. Supreme Court for ninety days thereafter." Apparently in the

alternative, Ms. O'linger argues that the opinion and order as well as the mandate issued by this Court called for "further proceedings" and that the thirty-day period should run from the judgment entered *after* remand.

We find that Tennessee Rule of Appellate Procedure 42 controls the resolution of the initial portion of this dispute. First we will examine Ms. O'linger's contention that our judgment did not become effective until the ninety-day period allowed to file an appeal to the United States Supreme Court expired. The portion of Tennessee Rule of Appellate Procedure 42 pertinent to this appeal reads as follows:

> Issuance, Stay, and Recall of Mandates From the Appellate Court.
> . . . .
> (b) Stay When Review by Supreme Court Is Sought. – Unless otherwise ordered by the Supreme Court, Court of Appeals, Court of Criminal Appeals, or a judge thereof, the timely filing of an application for permission to appeal in the Supreme Court shall stay the issuance of the mandate of the Court of Appeals or Court of Criminal Appeals, which stay is effective until final disposition by the Supreme Court. Upon the filing of an order of the Supreme Court denying the application for permission to appeal, the mandate shall issue immediately.
>
> (c) Stay When Review May Be Sought in the Supreme Court of the United States. – In cases in which review by the Supreme Court of the United States may be sought, the appellate court whose decision is sought to be reviewed or a judge thereof, and in any event the Supreme Court of Tennessee or a judge thereof, may stay the mandate.

We note that section (b) above instructs that upon the denial of permission to appeal by our Supreme Court, as occurred in the case at bar, the mandate of this Court "shall issue immediately." There is no time allowed for a discretionary appeal to the United States Supreme Court, unless such time is granted under section (c) above.

As for Ms. O'linger's contention that the thirty-day period in which to file her motion should have begun after a final judgment entered by the trial court after remand, we find no merit in this argument. In *Estate of Acuff v. O'Linger*, 56 S.W.3d 527, 556 (Tenn. Ct. App. 2001), this Court made the following decision:

> We have concluded that the plaintiffs have failed to carry their burden of proof and the judgment of the trial court is reversed and the case dismissed. Costs on appeal are assessed to the appellees and the case is remanded for such further proceedings as may be necessary.

The case was "dismissed." We fail to see how Ms. O'linger could have been waiting for any other judgment to issue. Once our mandate issued, the judgment of this Court was final and Ms. O'linger had thirty days in which to file her motion for discretionary costs. She failed to do so and, therefore,

her motion was untimely. Because her motion was untimely, we find that the trial court abused its discretion in granting discretionary costs to Ms. O'linger and reverse the court below. Our disposition of Appellants first issue renders all other issues moot.

### Conclusion

For the foregoing reasons, the trial court's award of discretionary costs to Ms. O'linger is reversed. Costs of this appeal are taxed to the Appellee, Brenda O'linger for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE